# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Suet Fong Wong,                    )
                                   )
        Plaintiff,             )   Case No.: 2:11-cv-01608-GMN-CWH
   vs.                             )
                                   )   **ORDER**
BAC Home Loans Servicing, LP; Merscorp, )
Inc.; and Mortgage Electronic Registration )
Systems, Inc.,                     )
                                   )
        Defendants.            )

Before the Court is the Motion to Dismiss (ECF No. 5) filed by Defendants BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A. ("BAC Home Loans"), Mercorp, Inc. ("Merscorp"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants"). Pro se[1] Plaintiff Suet Fong Wong filed a Response (ECF No. 13), Defendants filed a Reply (ECF No. 15) and the Court granted Plaintiff leave to file a Sur-Reply (ECF No. 21). Plaintiff also filed a Motion to Amend (ECF No. 22).

**I.     BACKGROUND**

Plaintiff filed a Complaint in state court relating to the foreclosure proceedings initiated against the property located at 5402 Night Swim Lane, Las Vegas, Nevada, 89113, APN#: 163-28-712-023 ("the property"). (ECF No. 1.)  The eleven causes of action are: (1) unfair lending

---

[1] Plaintiff alleges that it "has been necessary to retain the services of an attorney" (Compl., 8:¶44) and that "Plaintiff does not speak English" (Compl., 6:¶23) and "is Chinese" (Compl., 17:¶124). A person named "Phuoc Tran" is a signatory to Plaintiff's Civil Summons filed in state court. (*See* Summons, ECF No. 1.) Another case filed in the District of Nevada refers to the foreclosure proceedings related to the property at 5402 Night Swim Ln, but was filed by Plaintiffs Guo Jia Mai and Jing Lin Liu, and lists Phuoc Tran as the resident. *See* Complaint, *Mai v. Am. Home Loans Servicing*, No. 2:11-cv-01217-PMP-PAL (D. Nev. Jan. 23, 2012), ECF No. 1. In that case, the defendants filed a Declaration with the court indicating that Phuoc Tran drafted all the legal documents for the plaintiffs, is not a licensed attorney, and may be representing the plaintiffs as their attorney. *Id*. at ECF No. 10. However, here, because no attorney has entered an appearance in this action, the Court recognizes Plaintiff as appearing *pro se*.

practices; (2) deceptive trade practices; (3) conspiracy to commit fraud and conversion; (4) conspiracy to conversion related to MERS system; (5) inspection and accounting; (6) unjust enrichment; (7) breach of good faith and fair dealing; (8) injunctive relief; (9) declaratory relief; (10) rescission; and (11) Fair Housing Act 42 U.S.C. § 3601 *et seq.*[2] (ECF No. 1.) Plaintiff's Proposed Amended Complaint alleges the same eleven causes of action as the original complaint, but adds two additional causes of action: (12) quiet title; and (13) lack of standing, and possibly a third cause of action, (14) violations of RESPA, 12 U.S.C. § 2605(e). (ECF No. 22-1.)

In the Complaint, Plaintiff alleges that she[3] took out a loan secured by the property on September 25, 2007. (Compl., 3:¶2, ECF No. 1.) However, the publicly recorded documents associated with the property and submitted to the Court show only one loan dated October 24, 2003, and Plaintiff does not dispute this. (*See* Compl., ECF No. 1; "Note" Ex. D to RJN, ECF No. 6.) The Deed of Trust associated with this loan named Countrywide Home Loans, Inc. as the Lender, CTC Real Estate Services as the Trustee, and MERS as the nominee beneficiary for the Lender and its successors and assigns. (Ex. C to RJN, ECF No. 6.) A Notice of Default was recorded in Clark County on August 1, 2011, by National Default Servicing Corporation, as agent for Bank of America, N.A. (Ex. N to RJN, ECF No. 6-1.) An Assignment had been recorded by MERS on May 17, 2011, transferring the beneficial interest in the Deed of Trust to

---

[2] Plaintiff's Complaint appears to be a form complaint that has come before this Court in other cases. *See, e.g.*, *Lee v. BAC Home Loans Servicing, LP*, No. 2:11-cv-1583-JCM-PAL, 2011 WL 5827202, 2011 U.S. Dist. LEXIS 133697 (D. Nev. Nov. 18, 2011); *Miller v. MERSCORP Inc.*, No. 2:11-cv-00987-GMN-CWH, 2011 WL 6097751, 2011 U.S. Dist. LEXIS 140474 (D. Nev. Dec. 5, 2011); *Frederick v. Fed. Nat'l Mortg. Ass'n*, No. 2:11-cv-00522-GMN-CWH, 2012 WL 1340801, 2012 U.S. Dist. LEXIS 54217 (D. Nev. April 18, 2012); *Zhen v. BAC Home Loans Servicing, LP*, No. 2:11-cv-01585-GMN-CWH, 2012 WL 3619147, 2012 U.S. Dist. LEXIS 117618 (D. Nev. Aug. 21, 2012).

[3] Plaintiff refers to herself as both "himself," "he" and "she" and "Plaintiffs" in the Complaint. (*See, e.g.*, Compl., 2:¶3, 4:¶7, 8:¶40, 12:¶73, ECF No. 1.) This discrepancy is also present in the sworn verification before notary Anthony Hy, in which Plaintiff states "[t]hat he is the Plaintiff in the above-entitled action; that she has read the foregoing Complaint…." (Compl., 20:12-14.) For ease of reference, the Court will refer to Plaintiff as "she."

BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP, as a subsidiary of Bank of America, N.A. (Ex. M to RJN, ECF NO. 6-1.)

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008). Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996). Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132,

1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III. DISCUSSION

Because Plaintiff has submitted two Complaints for the Court's consideration, the following analysis incorporates the allegations in both the original Complaint (ECF No. 1) and in Plaintiff's Proposed Amended Complaint (ECF No. 22-1). As discussed below, the Court

finds that Plaintiff has failed to state a claim upon which relief can be granted, both in her original Complaint and in her Proposed Amended Complaint.  Accordingly, and because the Court finds that amendment would be futile, the Court will dismiss this action in its entirety, without leave to amend.

**(1) Unfair Lending Practices**

Plaintiff obtained the instant loan on October 24, 2003.  At the time of this loan, it was an unfair lending practice to approve a loan without considering a borrower's ability to repay, pursuant to Nevada Revised Statutes, Chapter 598D.  The statute of limitations for claims alleging a violation of the unfair lending practices act is three years. *See* Nev. Rev. Stat. § 11.190(3)(a) (creating a three-year statutory period for claims premised on a violation of a statute).  Therefore, this cause of action accrued in 2003, when the loan was finalized, and the statute of limitations expired in 2006.  Plaintiff does not allege facts supporting tolling of the statute of limitations.  Accordingly, this cause of action is dismissed.

**(2) Deceptive Trade Practices**

Plaintiff's second cause of action alleges deceptive trade practices pursuant to Nevada Revised Statutes §§ 598.0915 and 598.0923.  Subsection 598.0915 makes knowingly making any false representation in a transaction a deceptive trade practice.  Here, Plaintiff alleges that "Defendants did not furnish Plaintiff the correct Notice of Servicing that the loan may be assigned, sold, or transferred to any other person in violation of 12 U.S.C. 2605(a)." (Compl. 10:¶41).  This claim is barred by the applicable statute of limitations for a claim under the Deceptive Trade Practices Act, which is four years. Nev. Rev. Stat. § 11.190(2)(d).  Again, Plaintiff's claim arises from the origination of the loan in 2003, and the instant action was filed more than four years later.

Subsection 598.0923 does not apply to this case: (1) Plaintiff has not alleged, pursuant to subsection one, that any Defendant has been conducting its business without a required license;

(2) subsections two and three apply to the sale or lease of goods or services; (3) Plaintiff has not alleged that any Defendant, pursuant to subsection four, has used coercion, duress or intimidation in a transaction; and (4) no Defendant was the seller in a land sale installment contract pursuant to subsection five.

Moreover, courts have recognized that the Deceptive Trade Practices act does not apply to real property transactions, but to the sale of goods and services. *See Reyna v. Wells Fargo Bank, N.A.*, No. 2:10–cv–01730–KJD–RJJ, 2011 WL 2690087, *9 (D. Nev. July 11, 2011) ("N.R.S. § 598 ... applies only to goods and services and not to real estate loan transactions."; *see also Alexander v. Aurora Loan Services*, No. 2:09–cv–1790–KJD–LRL, 2010 WL 2773796, *2 (D. Nev. July 8, 2010) ("Plaintiff's claim deals with the sale or lease of real property, not goods or services; therefore [N.R.S. § 598] does not provide an avenue of relief to [p]laintiff."); *Parker v. Greenpoint Mortgage Funding*, No. 3:11–cv–00039–ECR–RAM (D. Nev. July 15, 2011) (N.R.S. § 598 "does not cover a mortgage foreclosure"). Accordingly, this cause of action is dismissed.

**(3) Conspiracy to Commit Fraud and Conversion; and**

**(4) Conspiracy to Commit Fraud Related to MERS System**

To allege a conspiracy to defraud, a complaint must meet the particularity requirements of Federal Rule of Civil Procedure 9(b) and inform each defendant of its actions that constituted joining the conspiracy. *Graziose v. Am. Home Products Corp.*, 202 F.R.D. 638, 642 (D. Nev. 2001). Allegations of conspiracy should be accompanied by the "who, what, when, where, and how" of the misconduct. *Ness v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

Here, Plaintiff makes conclusory allegations of fraud and fails to individualize the Defendants' conduct. For example, Plaintiff alleges that Defendants "did willfully and knowing[ly] conspire and agree among themselves to engage in a conspiracy to promote,

encourage, facilitate and actively engage in fraudulent and predatory lending practices." (Compl. 10:¶60.) The Complaint alleges that MERS was created as a fraudulent venture to take advantage of unwitting borrowers and that the defendants "acted as creators for the conspiracy." (Compl. 12:¶69.) Such general and vague allegations are not sufficient to meet the heightened pleading standard of Rule 9(b). Accordingly, these causes of action are dismissed.

### (5) Inspection and Accounting

An action for inspection and accounting will prevail only where the plaintiff can establish that there exists a relationship of special trust between the plaintiff and defendant. *McCurdy v. Wells Fargo*, 2010 WL 4102943 (D. Nev. 2010). Absent special circumstances, no such relationship exists between a lender and a borrower. *Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 882 (9th Cir. 2007).

Plaintiff alleges that "[d]ue to the unfair and deceptive nature of the Plaintiff's loan transaction, the defendants were paid excessive interest and fees . . . . Therefore proper discovery and accounting will reveal the 'true realized' status of the account as stated." (Compl. 12:¶76.) However, Plaintiff has failed to allege any special circumstances that would create the requisite fiduciary relationship between herself as the borrower, and one or more Defendants as a lender. *See McCurdy*, 2010 WL 4102943 (dismissing an action for inspection and accounting where plaintiff failed to allege the requisite relationship of trust). Accordingly, this cause of action is dismissed.

### (6) Unjust Enrichment

"An action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." *Leasepartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997) (per curiam). Thus the doctrine of unjust enrichment only "applies to situations where there is

no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another [or should pay for]." *Id*.  Plaintiff's Complaint admits that she entered into an express contract when she executed the deed of trust and note. (Compl. 3:¶2.)  Accordingly, this cause of action is dismissed.

### (7) Breach of Good Faith and Fair Dealing

To state a claim of breach of the covenant of good faith and fair dealing, Plaintiff must allege: (1) Plaintiff and Defendants were parties to an agreement; (2) Defendants owed a duty of good faith to the Plaintiff; (3) Defendants breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and (4) Plaintiff's justified expectations were denied. *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995).  In Nevada, an implied covenant of good faith and fair dealing exists in every contract, *Consol. Generator–Nevada v. Cummins Engine Co., Inc.*, 971 P.2d 1251, 1256 (Nev. 1998), and a plaintiff may assert a claim for its breach if the defendant deliberately contravenes the intention and spirit of the agreement, *Morris v. Bank Am. Nev.*, 886 P.2d 454 (Nev. 1994).  However, the covenant of good faith and fair dealing "only applies after a binding contract is formed." *Crellin Techs., Inc. v. Equipmentlease Corp.*, 18 F.3d 1, 10 (1st Cir. 1994).

Plaintiff alleges that Defendants breached the duty in two ways.  First, Plaintiff contends that by failing to pay equal consideration to Plaintiff's financial interests, Defendants acted in bad faith.  Second, Plaintiff argues that Defendants refused to negotiate with Plaintiff in good faith after plaintiff requested payment assistance under the Home Affordable Modification Program ("HAMP").

Plaintiff's first contention must fail because it is established that lenders owe no fiduciary obligations to borrowers absent exceptional circumstances. *See Kwok v. CR Title Co.*,

No. 2:09–cv–2298 (D. Nev. June 23, 2010). No exceptional circumstances or special relationship was alleged here.

Plaintiff's second allegation regarding the covenant of good faith and fair dealing alleges that Defendants failed to meet their obligations under the federal HAMP program, and that the failure constitutes a breach of the covenant of good faith and fair dealing. However, even if Plaintiff has a private right of action under HAMP, Plaintiff has failed to allege any conduct by Defendants which deliberately contravened the intention and spirit of any agreement between them. Accordingly, this cause of action is dismissed.

**(8) Injunctive Relief; (9) Declaratory Relief; (10) Rescission**

Plaintiff's eighth, ninth and tenth causes of action are not recognized as causes of action in Nevada. Injunctive relief, declaratory relief, and rescission are remedies, not claims. Accordingly, these "causes of action" are dismissed.

**(11) Fair Housing Act**

The Fair Housing Act ("FHA") has a two-year statute of limitations. *Goodwin v. Executive Tr. Servs., LLC*, 680 F.Supp. 2d 1244, 1250-51 (D. Nev. 2010). Since Plaintiff's loan was signed in 2003, the statute of limitations has expired. Furthermore, Plaintiff has not alleged any facts specific to her that support this cause of action. Accordingly, this cause of action is dismissed.

**(12) Quiet Title**

In Nevada, a quiet title action may be brought "by any person against another whom claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." *Breliant v. Preferred Equities Corp.*, 918 P. 2d 314, 318 (Nev. 1996). "Additionally, an action to quiet title requires a plaintiff to allege that she has paid any debt owed on the property." *Lalwani v. Wells Fargo*

*Bank, N.A.*, No. 2–11–cv–00084, 2011 WL 4574388 at *3 (D. Nev. Sep. 30, 2011) (citing *Ferguson v. Avelo Mortg., LLC*, No. B223447, 2011 WL 2139143 at *2 (Cal. App. 2d June 1, 2011). Plaintiff has failed to allege that she is not in breach of the loan agreement. Accordingly, this cause of action is dismissed.

### (13) Lack of Standing

With this cause of action, Plaintiff alleges that the foreclosure proceedings were conducted by entities without standing to pursue foreclosure. However, the publicly recorded documents submitted by Defendants in the Request for Judicial Notice contradict Plaintiff's allegations, and demonstrate compliance with statutorily required procedures. Accordingly, this cause of action is dismissed.

### (14) Violations of RESPA, 12 U.S.C. § 2605(e)

As a final "cause of action" in her Proposed Amended Complaint, Plaintiff appears to allege a violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e) based on her Qualified Written Request ("QWR"). However, Plaintiff fails to allege facts supporting such a cause of action. Furthermore, Defendants produced the correspondence referenced in Plaintiff's complaints that contradict Plaintiff's allegations. (Exs. K, L to RJN.) Accordingly, this cause of action is dismissed.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend (ECF No. 22) is **DENIED.**

The Clerk of the Court shall enter judgment accordingly.

**DATED** this 11th day of October, 2012.

_____
Gloria M. Navarro
United States District Judge